UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GP BRANDS, INC.

        Plaintiff,

v.

GWINNETT POSTAL CENTER INC.,

        Defendant.
_____

Case No. 8:15-cv-2583-T-30EAJ

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment against Defendant Gwinnett Postal Center, Inc. (Dkt. 11). Plaintiff filed this action alleging trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. The Defendant has not appeared in this action, and a Clerk's Entry of Default was entered on January 7, 2016 (Dkt. 9). After careful consideration of the Complaint, the Plaintiff's Motion, and the applicable law, the Court concludes, for the reasons discussed below, that the motion should be granted in part.

## DISCUSSION

### I.    The Default Judgment Standard

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade &*

*Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

## II.     Default Judgment Against Defendant Is Appropriate

Plaintiff filed this lawsuit under the Lanham Act, a federal law that authorizes a private cause of action. *See* 15 U.S.C. §§ 1114, 1125. The statute also grants federal district courts original jurisdiction over lawsuits alleging a violation of the Act. 15 U.S.C. § 1121. Accordingly, the Court has jurisdiction.

Moreover, the complaint alleges claims for which relief may be granted by stating well-pleaded facts that, if true, would prove that Defendant violated the Act. Those facts include the following: that Plaintiff is the franchisor to the franchise chain Goin' Postal, whose business is the shipping of packages through vendors like the U.S. Post Office and FedEx; that Plaintiff owns several federally registered trademarks associated with that business, to include the name "Goin' Postal"; that in 2009 Plaintiff sold one of its franchises to All Health Complete Care Inc., with Eric Browne as the latter company's owner and CEO; that as part of the sale of the Goin' Postal franchise to All Health Complete Care, Browne signed a franchise agreement, which contained provisions on Goin' Postal's absolute ownership of certain trademarks and on the duty of franchisees to cease all use of Plaintiff's trademarks in the event the franchise relationship is terminated; that Browne closed the franchise in 2010 but kept various printed materials containing Plaintiff's trademark; and that in 2013, Browne incorporated Gwinnett Postal Center Inc., began conducting business as a shipping center, and began using Goin' Postal's trademark, in one case by using a doctored Goin' Postal sign that read 'Gwin' Postal.' (Dkt. 1, p. 2-4).

The Lanham Act states in relevant part that any person who, without consent, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services . . . with which such use is likely to cause confusion, . . . shall be liable in a civil action . . . ." 15. U.S.C. 1114(1)(a). Plaintiff's complaint "allows the court to draw the reasonable inference that the defendant is liable" under the Act. *See Surtain*, 789 F.3d at 1245 (internal citations omitted). Default Judgment will be granted.

### III.   The Remedy

Plaintiff's motion seeks, and the Act authorizes, injunctive relief. *See* 15 U.S.C. § 1116. Having already concluded that default judgment is proper, the Court will grant an injunction.

The motion also seeks statutory damages, which the Act authorizes in any amount between $1,000 and $2,000,000 per violation, based on a court's determination of whether the violation was willful and of what "the court considers just." 15 U.S.C. §1117(c)(1) and (2). Plaintiff's motion defers to the Court on the question of willfulness but requests the very top end of authorized damage awards—$200,000 if the Court does not find willfulness, and $2,000,000 if it does.

On the record before it, the Court cannot conclude whether Defendant's violation was willful and, in any event, has little data on which to make a just determination as required by the Act.

It is therefore **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Default Judgment Against Defendant Gwinnett Postal Center, Inc. (Dkt. 11) is **GRANTED in part.**

2. Defendant is permanently enjoined from use of Plaintiff's marks or any similar imitations, to include "Gwin' Postal."

3. The Clerk of Court is directed to enter final judgment in favor of Plaintiff GP BRANDS, INC. and against Defendant GWINNET POSTAL CENTER, INC.

4. Within sixty (60) days of entry of this Order, Plaintiff may file with the Court a motion for damages that specifies the monetary damages it seeks and supplies the Court with an evidentiary basis on which to determine what amount of damages is just. If not filed within sixty (60) days, Plaintiff will be awarded $1,000 plus court costs, as authorized by the Act, and the Clerk will be directed to close this case.

DONE AND ORDERED on January 24, 2016, at Tampa, Florida.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel of Record