## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GP BRANDS, INC.,

      Plaintiff,

v.                              Case No: 8:15-cv-2583-T-30EAJ

GWINNETT POSTAL CENTER INC.,

      Defendant.

_____

### <u>ORDER</u>

      THIS CAUSE is before the Court on Plaintiff's Post-Judgment Motion for Damages (Dkt. 16). In a previous order (Dkt. 13), the Court entered default judgment in favor of Plaintiff GP Brands, Inc. and against Defendant Gwinnett Postal Center Inc. for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1501 *et seq*. More specifically, the Court held that Gwinnett Postal, owned and operated by a former franchisee of GP Brands, violated the Act by using a colorable imitation of GP Brands' protected mark, "Goin' Postal."

      The Court, however, deferred its ruling on damages, concluding that "it had little data on which to make a just determination" of damages. Dkt. 12, p.4. The Court permitted GP Brands to file a motion for damages "that specifies the monetary damages it seeks and supplies the Court *with an evidentiary basis* on which to determine what amount of damages is just." Id. at 5 (emphasis added). The Court further advised: if such a motion is

not supplied, "[GP Brands] will be awarded $1,000 plus court costs, as authorized by the Act." Id.

To recover actual damages under the Lanham Act, a "plaintiff must demonstrate the basis for his recovery with specificity." *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 893 (11th Cir. 1983) (internal quotation marks and citations omitted). GP Brands has fallen far short on this requirement. Though the motion requests damages specifically, $111,560, GP Brands fails to demonstrate the specific basis for this recovery, offering only that the figure represents "the loss of revenue from the sale of a franchise and collection of royalties from such a franchised store." (Dkt. 16, p. 4). Yet GP Brands provides no reasonable basis for the Court to conclude that, had Gwinnett Postal not infringed on GP Brands' trademark, Gwinnett Postal or some other prospective franchisee would have instead chosen to spend the $111,560 to buy and operate a "Goin' Postal" franchise. This is too speculative a manner of calculating actual damages, *see Mercer*, 737 F.2d at 893.

Furthermore, even if it was not too speculative, GP Brands' motion makes clear that these damages would need to be offset. GP Brands has argued that Gwinnett Postal violated the Lanham Act willfully, *see* Dkt. 11, p. 3, and bolsters that argument with evidence that Gwinnett Postal's founder and owner is a former GP Brands franchisee. This argument has merit; it also necessarily means that much of the $111,560 GP Brands seeks in actual damages was paid by that franchisee when he acquired a franchise, the same franchise whose registered mark he has misappropriated. To make him pay for it twice is not an accurate measure of actual damages.

GP Brands has demonstrated to the Court that Gwinnett Postal's violation of the Lanham Act was willful. GP Brands has not, however, demonstrated with evidence its actual damages. The Court will not award them.

The Court will remind the parties that Gwinnett Postal remains enjoined, per this Court's entry of judgment, and failure to comply with that order may give rise to contempt proceedings in which penalties and actual damages may be awarded.

It is ORDERED AND ADJUDGED that:

1.   Plaintiff GP Brands Inc.'s Motion for Damages (Dkt. 16) is GRANTED in part. For Defendant Gwinnett Postal Center Inc.'s willful violation of the Lanham Act, Plaintiff GP Brands, Inc. is awarded the sum of one thousand dollars ($1,000), as authorized by the Act.

2.   Plaintiff may also recover court costs. Within sixty (60) days of the entry of this Order, Plaintiff may file a motion for costs. If not filed within sixty (60) days, the Clerk will be directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record